**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Cissne and David Martin, in their capacities as Trustees of the Operating Engineers Local 428 Trust Funds,<br><br>    Plaintiffs,<br><br>vs.<br><br>Sierra Grading and Paving Co., Inc., an Arizona corporation,<br><br>    Defendant. | No. CV-05-2213-PHX-DGC<br><br>**ORDER** |

Plaintiffs have filed a motion for partial default judgment. Dkt. #21. For the reasons set forth below, the Court will grant the motion in part and deny it in part.

**I.     Background.**

Plaintiffs commenced this action by filing a complaint against Defendant on July 26, 2005. Dkt. #1. The complaint alleges that Defendant has failed to make employee benefit contributions to various trust funds in violation of certain collective bargaining agreements. *Id.*

Defendant was served with process on August 10, 2005. Dkt. ##3-5. When Defendant failed to respond to the complaint as required by the Federal Rules of Civil Procedure, Plaintiff filed an application for entry of default. Dkt. #8. The Clerk entered Defendant's default on January 26, 2006. Dkt. #10.

**II.    Analysis.**

In the instant motion, Plaintiffs request the Court to enter a partial default judgment as follows: (1) for the amount of $7,911.46, which purportedly represents "contributions and liquidated damages known to be due through January, 2007," and (2) for an order requiring Defendant to produce the payroll records necessary for Plaintiffs to "determine whether all outstanding contributions have been paid." Dkt. #21 at 5.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c); *see* Fed. R. Civ. P. 55(d) ("In all cases a judgment by default is subject to the limitations of Rule 54(c)."); Fed. R. Civ. P. 8(a)(3) (requiring a complaint to contain "a demand for judgment for the relief the pleader seeks"). The Court will grant Plaintiffs' request for a partial default judgment ordering Defendant to produce necessary payroll records because Plaintiffs explicitly sought such relief in their complaint. *See* Dkt. #1 at 4. Plaintiff shall submit a proposed form of judgment by **April 27, 2007**.

The Court will deny Plaintiffs' request for a judgment in the amount of $7,911.46. Plaintiffs did not request this amount, or any other specific amount of damages, in the complaint. Rather, Plaintiffs sought "leave to amend the [c]omplaint, upon completion of the audit, to set forth the precise amounts of contributions and liquidated damages due and owing to the Plaintiffs." Dkt. #1 at 4.

The Court will grant Plaintiffs leave to file an amended complaint setting forth the precise amount of damages they seek to recover in this action. Given the fact that this case is more than 20 months old, any amended complaint shall be filed by **May 18, 2007**. If an amended complaint is not filed by that date, the case will be terminated without further notice.

If Plaintiffs file an amended complaint and Defendant fails to file a responsive pleading as required by the Federal Rules of Civil Procedure, Plaintiffs shall seek the entry of default against Defendant within **14 days** of the date the responsive pleading was due. Plaintiffs shall then seek a default judgment on the amended complaint within **30 days** of the

date of Defendant's default.

**IT IS ORDERED:**

1. Plaintiffs' motion for partial default judgment (Dkt. #21) is **granted in part** and **denied in part** as set forth in this order.

2. Plaintiffs shall submit a proposed form of judgment by **April 27, 2007**.

3. Plaintiffs shall have until **May 18, 2007** to file an amended complaint.

4. The Clerk shall **terminate** this action if Plaintiff does not file an amended complaint.

5. If Defendant fails to file a responsive pleading to an amended complaint as required by the Federal Rules of Civil Procedure, Plaintiffs shall promptly seek the entry of default and a default judgment against Defendant as set forth in this order.

DATED this 2nd day of April, 2007.

David G. Campbell
United States District Judge